UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ANTONIO SMITH,<br>Plaintiff,<br>v.<br>CITY OF FAIRFIELD, *et al.*,<br>Defendants. | Case No. 2:26-cv-3415-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff Rodney Antonio Smith brings this action against the City of Fairfield, Fairfield Police Department, and officers Frank Piro and Zachary Tuss. The claims in the complaint are time-barred, thus I recommend that the complaint be dismissed without leave to amend. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which make the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Allegations**

Plaintiff alleges that on December 7, 2022, defendant Piro initiated a traffic stop of plaintiff's vehicle for violation of California Vehicle Code section 23103 (reckless driving).[1] ECF No. 1 at 2. On the Highway Patrol form, Piro listed the storage authority for plaintiff's

[1] Plaintiff includes with the complaint the narrative summary from defendant Piro. Piro states that he had stopped another vehicle in front of 1990 Grande Circle (a resident neighborhood). ECF No. 1 at 10. While Piro spoke with that driver, plaintiff pulled up behind the stop in a black Dodge Challenger. *Id.* Plaintiff was trying to speak with the driver of the initial stop and then plaintiff "suddenly began to rev his engine and then began to purposely break traction with his tires." *Id.* Plaintiff quickly sped away and continued to rev his engine. *Id.* Piro issued the driver from the initial stop a warning and he left the scene to pursue plaintiff. After Piro located plaintiff, he turned on his overhead lights and attempted to conduct an enforcement stop. *Id.* Plaintiff continued driving until he stopped in the parking lot of Major Market. While there, plaintiff continued to rev his motor and spin his tires. *Id.* Plaintiff was eventually stopped by Piro, and Piro arrested him for reckless driving and impounded plaintiff's car for 30 days. *Id.*

vehicle as California Vehicle Code section 23109.2 (allows for law enforcement to impound a vehicle following an arrest for up to 30 days). *Id.* Plaintiff alleges, however, that Piro stated in his police report that Piro impounded plaintiff's vehicle for 30 days. *Id.* Plaintiff claims that this discrepancy demonstrates that Piro "imposed a pre-determined, mandatory 30-day deprivation of property rather than a temporary hold limited strictly to roadside exigency." *Id.* at 3.

On December 9, 2022, defendant Tuss "authored and generated a false, unauthenticated document purporting to be a judicial search warrant and supporting affidavit."[2] *Id.* On that same day, plaintiff mailed the police department a "post-seizure notice & vehicle release demand," wherein he demanded an immediate hearing and the return of his vehicle. *Id.* Defendants did not respond and held his car at impound for 34 days. *Id.*

On March 27, 2023, plaintiff submitted a formal complaint regarding the prolonged impoundment of his vehicle, which he alleges put the City Attorney and Fairfield Police on notice of their unconstitutional practices. *Id.* Plaintiff claims that the Fairfield Police Department's impound practices violate the Court of Appeals ruling *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017).[3] *Id.* Plaintiff alleges that it was not until July 27, 2023 that the department issued a "Roll Call Directive," which remedied the department's unconstitutional practices. *Id.*

Plaintiff states that on September 29, 2023, Solano County Superior Court issued an order directing the full refund of the impound fees, which establishes that defendants' retention of

[2] Plaintiff includes with his complaint the seizure warrant, signed by Magistrate Judge Wendy G. Getty of the Solano Superior Court and Tuss's affidavit. ECF No. 1 at 12-15.

[3] In *Brewster*, officers impounded the plaintiff's vehicle because the driver—the plaintiff's brother-in-law—was driving the vehicle on a suspended license. *Brewster*, 859 F.3d at 1195. When the plaintiff "appeared at a hearing . . . with proof that she was the registered owner of the vehicle and her valid California driver's license," the government "refused to release the vehicle before [a] 30-day holding period had lapsed." *Id.* The district court found that the seizure did not "present a Fourth Amendment problem because 'the state has an important interest in . . . keeping unlicensed drivers from driving illegally." The Court of Appeals disagreed and reversed. *Id.* at 1197. The Court reasoned that "[b]ecause a 30-day impound is a 'meaningful interference with an individual's possessory interests in [his] property,'" the Fourth Amendment was implicated by the government's actions. *Id.* at 1197. "The exigency that justified the seizure [of the plaintiff's vehicle] vanished once the vehicle arrived in impound and [the plaintiff] showed up with proof of ownership and a valid driver's license." *Id.* Thus, the government's impoundment of the vehicle "constituted a seizure that required compliance with the Fourth Amendment." *Id.* at 1196-97.

plaintiff's property was invalid. *Id.* at 4.

**Analysis**

Plaintiff alleges constitutional violations by state law enforcement officers, which are brought under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." *Gomez v. Toledo*, 446 U.S. 635, 639 (1980). To state a claim for relief under section 1983, a plaintiff must allege the defendant: (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

The statute of limitations for section 1983 claims is based on state law. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal courts in California have held that the state's statute of limitations for personal injury actions, which is two years, applies to section 1983 claims. *Id.*; *see* Cal. Code Civ. P. § 335.1.

The first step in a statute of limitations analysis is to determine when the claims accrued, which is "when a plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see Miller v. Najera*, 2020 WL 731176, at *6-7 (E.D. Cal. Feb. 13, 2020). Here, the statute of limitations for plaintiff's claims began to accrue on December 7, 2022—the date of when he alleges that his car was unlawfully seized. ECF No. 1 at 2-3; *see Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs . . . . even if the person does not know at the time that the search was warrantless.") (citations omitted). Even if the court were to conclude that plaintiff's claims accrued on the latest date mentioned in the complaint—September 29, 2023, the date that the Superior Court ruled in his favor—that would still be one year past the statute of limitations.

The second step is determining when plaintiff was required to have filed his complaint. Plaintiff has the burden to establish he is entitled to any tolling of the statute of limitations, and he

has not met this burden. *See Brown v. Collins*, 848 F. App'x 752, 753 (9th Cir. 2021) (citing *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980)); *see also Branson v. U.S. Forest Serv.*, 2023 WL 35987, at *4 (E.D. Cal. Jan. 4, 2023) (finding that the plaintiff failed to meet his burden to show facts supporting tolling under Cal. Civ. P. § 352.1 or other tolling statutes). Therefore, the court applies the two-year statute of limitations for section 1983 claims in California. As such, the statute of limitations for plaintiff's claims expired on December 7, 2024, which is two years after the December 7, 2022 incident. Plaintiff filed his complaint on September 29, 2026, which is too late for his claims. Thus, plaintiff's section 1983 claims are time-barred. *See Bonelli*, 28 F.4th at 952; *Bradford*, 803 F.3d at 387.

A municipality cannot be held liable under section 1983 for the acts of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. Relevant here, "to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997)). Because plaintiff's underlying constitutional claims are time-barred, his *Monell* claim necessarily fails as well.

Based on the foregoing, I recommend that this action should be dismissed without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-204 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.
2. Plaintiff's motion to appoint counsel, ECF No. 3, is DENIED as moot in light of the recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's complaint, contained in ECF No. 1, be DISMISSED without leave to amend.
2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE